55 So.3d 756 (2010)
STATE of Louisiana
v.
Jamal ALLEN.
No. 2010-KK-1016.
Supreme Court of Louisiana.
May 7, 2010.
PER CURIAM.
In State v. Waters, 00-0356 (La.3/12/01); 780 So.2d 1053, the defendant was lawfully stopped for a traffic violation. When the investigating officer determined the defendant had two prior felony arrests, he lawfully conducted a self-protective search of the vehicle's interior for a firearm. While performing this search, he detected the distinct odor of marijuana. This Court found that the officer's detection of that odor gave rise to probable cause to search the vehicle's interior for contraband.
This logical extension of the plain view doctrine has been specifically adopted by name by numerous courts, including the United States Court of Appeals for the Fifth Circuit. See, e.g., U.S. v. Pierre, 958 F.2d 1304, 1310 (5th Cir.1992) (en banc) (finding that a Border Patrol Agent who, at a non-border fixed checkpoint, leaned his head into the defendant's driver side window and smelled freshly burned marijuana, acquired probable cause under the plain view (or plain smell exception) as to the existence of contraband within the vehicle and could search it as well as its contents.)
In the current case before this Court, both officers testified as to the odor of marijuana emanating from the defendant's vehicle which they had lawfully stopped. Moreover, both officers observed the burnt ends of apparent marijuana cigarettes on the console of the vehicle. Probable cause to search the vehicle, under these facts, is indisputable.
The ruling of the trial court is reversed.
GUIDRY, J., concurs and assigns reasons.
During the commission of a lawful traffic stop, the officers observed partially burnt marijuana cigarettes that were in plain view on the vehicle's center console. This observation, coupled with the officers' immediate detection of a strong odor of marijuana emanating from the vehicle, provided sufficient probable cause for the search.