EDWARD A. DUFRESNE, JR., Chief Judge.
 

 |;,On July 27, 2009, the Jefferson Parish District Attorney filed a bill of information, charging defendant, Gregory Mitchell, with possession of crack cocaine in violation of LSA-R.S. 40r967(C). Defendant pled not guilty to this charge at his arraignment on the following day. Defendant filed several pre-trial motions, including motions to suppress evidence and statement. After a hearing on November 12, 2009, the trial court denied defendant’s motions to suppress.
 

 Following this denial, defendant withdrew his not guilty plea and pled guilty to possession of cocaine pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), reserving his right to appeal the ruling on the motion to suppress evidence. In accordance with the plea agreement, the trial court sentenced defendant to two and one-half years imprisonment at hard labor, to run concurrently with a sentence defendant was serving on a parole violation.
 

 The State then filed a multiple offender bill of information, alleging defendant was a second felony offender. After defendant admitted the allegations of the multiple bill, the trial court vacated defendant’s original sentence and | ^sentenced him as a second felony offender to two and one-half years imprisonment at hard labor, to run concurrently with the sentence defendant was currently serving. Defendant now appeals.
 

 DENIAL OF MOTION TO SUPPRESS EVIDENCE
 

 On appeal, defendant challenges the trial court’s denial of his motion to suppress evidence. He argues that his detention and the subsequent search of his vehicle were illegal and without justification, and therefore, any evidence seized from his vehicle should have been suppressed.
 

 Trooper Ryan Zimmerman of the Louisiana State Police was the sole witness to testily at the suppression hearing. Trooper Zimmerman testified that on the evening of June 25, 2009, he was traveling north on South Bengal Road in his police unit when he observed a gray 1999 Dodge Neon traveling in front of him at a high rate of speed. With his radar, Trooper Zimmerman determined the driver was doing 35 mph in a 20 mph zone. Because the driver was speeding, Trooper Zimmerman turned on his emergency lights and conducted a traffic stop. After ordering the driver, subsequently identified as defendant, to exit the vehicle, Trooper Zimmerman saw him attempting to conceal something in the middle of the vehicle between the driver and passenger seat. Trooper Zimmerman testified that for officer safety he walked up to the driver’s window of the
 
 *158
 
 vehicle and ordered defendant out of the vehicle again. Trooper Zimmerman opened the door of the vehicle for defendant to get out at which time he smelled a strong odor of marijuana emitting from inside of the vehicle. As requested, defendant handed his driver’s license to Trooper Zimmerman. The trooper observed that defendant appeared visibly nervous, and his hands, as well as his bottom lip and lower jaw, were shaking. Thereafter, both defendant and the passenger from the vehicle were placed in handcuffs for officer safety. Another unit came to the scene, and the ¡¿officer watched both subjects while Trooper Zimmerman conducted a “probable cause search” of the vehicle.
 

 During the search, Trooper Zimmerman recovered twelve off-white crack rocks in a clear plastic bag in the middle of the vehicle between the driver and passenger seat. The trooper testified that this was the same location where he had observed the driver trying to conceal something prior to exiting the vehicle. He stated that the narcotics were “kind of in plain view” once he was inside of the vehicle and placed his knee on the driver’s front seat. A field test confirmed that the substance was crack cocaine. No marijuana or paraphernalia was found in the vehicle. Defendant was issued citations for speeding and for a seatbelt violation and was arrested after the crack cocaine was found in the vehicle he was driving.
 

 After arguments were presented by both parties at the hearing, the trial judge denied defendant’s motion to suppress evidence. Defendant now challenges this denial claiming that both his detention and the subsequent search of his vehicle were illegal, and therefore, the evidence seized from the vehicle should have been suppressed. To support this argument, defendant points out that he was ordered out of the vehicle for no articulated reason, that he was ordered out of the vehicle prior to the trooper seeing his alleged movement to conceal something, that no marijuana was discovered even though the trooper claimed he smelled it, that he was illegally arrested based solely on the officer’s alleged smell of marijuana, and that the trooper had no legal justification for searching the vehicle. For the reasons that follow, we find no merit to defendant’s arguments.
 

 The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. Warrantless searches and seizures are per se ¡.¡unreasonable unless justified by one of the exceptions to the warrant requirement.
 
 State v. Wolff,
 
 09-508 (La.App. 5 Cir. 12/29/09), 30 So.3d 897, 901.
 

 In a hearing on a motion to suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. LSA-C.Cr.P. art. 703(D). The trial court’s decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression.
 
 State v. Bellow,
 
 07-824 (La.App. 5 Cir. 3/11/08), 982 So.2d 826, 829.
 

 The right of law enforcement officers to stop and interrogate those reasonably suspected of engaging in criminal activity is recognized by LSA-C.Cr.P. art. 215.1, as well as by state and federal jurisprudence. Terry
 
 v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968);
 
 State v. Belton,
 
 441 So.2d 1195, 1198 (La.1983),
 
 cert. denied,
 
 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Generally, the decision to stop a vehicle is reasonable when
 
 *159
 
 the police have probable cause to believe a traffic violation has occurred.
 
 Whren v. United States,
 
 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). The standard is purely objective and does not take into consideration the subjective beliefs or expectations of the detaining officer.
 
 State v. Waters,
 
 00-0356 (La.3/12/01), 780 So.2d 1053, 1056 (per curiam).
 

 In the present case, Trooper Zimmerman testified that he pulled defendant over because, according to his radar, he was speeding. Trooper Zimmerman wrote defendant a citation for traveling 35 mph in a 20 mph zone. Thus, without regard to Trooper Zimmerman’s subjective intent, defendant’s speeding above the posted limit gave the trooper an objective probable cause basis to pull over the vehicle for a traffic violation.
 
 State v. Lopez,
 
 00-0562 (La.10/30/00), 772 So.2d 90, 92 (per curiam);
 
 State v. Wolff,
 
 30 So.3d at 902.
 

 | fiTrooper Zimmerman then ordered defendant to exit the vehicle. Defendant suggests that Trooper Zimmerman ordered him to exit the vehicle without expressing any “articulated reasons.” However, following the lawful stop of defendant’s vehicle for the traffic violation, the trooper was authorized to order both the defendant and the passenger out of the vehicle pending completion of the stop.
 
 State v. Smith,
 
 07-815 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 825,
 
 writ denied,
 
 08-0927 (La.11/14/08), 996 So.2d 1088;
 
 State v. Gomez,
 
 06-417 (La.App. 5 Cir. 11/28/06), 947 So.2d 81, 85.
 

 After Trooper Zimmerman lawfully ordered defendant to exit the vehicle, he observed defendant attempting to conceal something in the vehicle between the driver and passenger seats. For officer safety, Trooper Zimmerman walked to the vehicle and ordered defendant to exit the vehicle again. When he opened the door for defendant, Trooper Zimmerman detected a marijuana odor emitting from the vehicle. At the suppression hearing, the trooper testified that both the driver and passenger were then placed in handcuffs for officer safety.
 

 Defendant suggests that the officer’s actions in handcuffing him amounted to an arrest which was not justified based merely on the smell of marijuana. In
 
 State v. Morton,
 
 08-164 (La.App. 5 Cir. 7/29/08), 993 So.2d 651, 657, this Court recognized that since police officers should not be required to take unnecessary risks in performing their duties, they are authorized to take such steps as are reasonably necessary to protect their safety and to maintain the status quo during the course of a
 
 Terry
 
 stop. In
 
 Morton,
 
 993 So.2d at 657, this Court discussed the law regarding when the use of handcuffs escalates an investigatory stop into an arrest requiring probable cause:
 

 Inherent in the right of police to conduct a brief investigatory detention is also the right to use reasonable force to effectuate the detention. There is no question that the use of handcuffs 17incrementally increases the degree of force that is used in detaining an individual. However, arrest-like features such as the use of drawn weapons and handcuffs may, but do not invariably, render the seizure a de facto arrest. Therefore, when the State seeks to prove that an investigatory detection involving the use of handcuffs did not exceed the limits of a
 
 Terry
 
 stop, the State must show some specific fact or circumstance that could have supported a reasonable belief that the use of restraints was necessary to carry out the legitimate purpose of the stop without exposing law enforcement officers, the public, or the suspect himself to an undue risk of harm. If the added intrusion is not warranted under
 
 *160
 
 particular circumstances, a
 
 Terry
 
 stop may escalate into- a de facto arrest requiring probable cause to render it valid.
 
 State v. Porche,
 
 06-0312 (La.11/29/06), 943 So.2d 335, 339-340.
 
 See also State v. Broussard,
 
 00-3230 (La.5/24/02), 816 So.2d 1284, 1286-1287.
 

 In the present case, Trooper Zimmerman testified that he smelled a strong odor of marijuana coming from the vehicle. In addition, he had observed defendant trying to conceal something between the seats. Defendant also appeared visibly nervous. It is long established that drugs, guns, and violence often go together, and thus, this may be a factor tending to support an officer’s claim of reasonableness.
 
 State v. Thomas,
 
 08-521 (La.App. 5 Cir. 1/27/09) 8 So.3d 646, 653,
 
 writ denied,
 
 09-0391 (La.12/18/09), 23 So.3d 928. Considering these circumstances, we find that Trooper Zimmerman was justified in his decision to handcuff defendant as a safety precaution; those actions did not rise to the level of an arrest.
 

 Having determined that defendant’s initial stop and detention were lawful, our next inquiry focuses on the legality of the subsequent search of the vehicle. We find that the search was justified pursuant to the automobile exception to the warrant requirement.
 

 In
 
 Pennsylvania v. Labron,
 
 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (per curiam), the United States Supreme Court held that if a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits the police to search the vehicle without more. In
 
 Maryland v. Dyson,
 
 527 U.S. 465, 466-67, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (per curiam), the Court recognized that the automobile exception has no separate exigency requirement. This Court has also recognized that the automobile exception does not have an independent exigency requirement and if probable cause exists for the search of the vehicle that is sufficient. The exigency is supplied by the inherent mobility of the vehicle and the citizen’s lesser expectation of privacy.
 
 State v. Joseph,
 
 02-717 (La.App. 5 Cir. 6/27/03), 850 So.2d 1049, 1054,
 
 writ denied,
 
 04-2404 (La.6/17/05), 904 So.2d 686;
 
 State v. Jones,
 
 09-688 (La.App. 5 Cir. 2/9/10), 33 So.3d 306, 317. Further, the Louisiana Supreme Court has recognized that there is no constitutional distinction between seizing and holding a car before presenting the probable cause issue to a magistrate and immediately searching the vehicle without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution.
 
 State v. Tatum,
 
 466 So.2d 29, 31 (La.1985).
 

 Probable cause means “a fair probability that contraband ... will be found.”
 
 Illinois v. Gates,
 
 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); Whether probable cause exists must be judged by the probabilities and practical considerations of everyday life on which average people, and particularly average police officers, can be expected to act.
 
 State v. Jones,
 
 33 So.3d at 317.
 

 Courts have consistently held that the odor of marijuana provided the officers with sufficient probable cause to conduct warrantless searches of the vehicles. In
 
 State v. Waters,
 
 780 So.2d at 1058, the defendant was lawfully stopped for a traffic violation. The investigating officer determined that defendant had two prior felony arrests, and thereafter, lawfully conducted a self-protective search of the
 
 *161
 
 vehicle’s interior for a firearm. While performing this search, the officer detected the distinct odor of marijuana. The Louisiana Supreme Court | flfound that the officer’s detection of the odor gave rise to probable cause to search the vehicle’s interior for the contraband, and exigent circumstances arising from the stop of the car on the open road excused the warrant requirement.
 

 In
 
 State v. Garcia,
 
 519 So.2d 788, 794 (La.App. 1 Cir.1987),
 
 writ denied, State v. Rodriguez,
 
 530 So.2d 85 (La.1988), the police stopped the defendant for a traffic violation and detected the odor of marijuana coming from the back of the truck. The court found the odor of marijuana gave the officer probable cause to believe the truck contained contraband and an immediate warrantless search was constitutionally permitted. Likewise, in
 
 State v. Johnlouis,
 
 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, 1161-63,
 
 writ denied,
 
 10-0097 (La.6/25/10), 38 So.3d 336, the court found that the officer’s detection of the odor of burnt marijuana emanating from the defendant’s vehicle provided probable cause for the search of his vehicle.
 
 See also, State v. Allen,
 
 10-1016 (La.5/7/10), — So.3d -, 2010 WL 2010766 (per curiam) and
 
 State v. Williams,
 
 38,379 (La.App. 2 Cir. 11/25/03), 858 So.2d 878, 880-81,
 
 writ denied,
 
 03-3535 (La.3/12/04), 869 So.2d 807.
 

 Based on the cases cited herein, we find that Trooper Zimmerman’s detection of the odor of marijuana emanating from defendant’s vehicle provided probable cause for the immediate warrantless search of defendant’s vehicle. Defendant cites
 
 Arizona v. Gant,
 
 — U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) in support of his argument that the search of the vehicle was illegal. However, the instant case is distinguishable from the facts in
 
 Arizona v. Gant
 
 because it does not involve a search incident to an arrest. Rather, the evidence was seized, pursuant to the automobile exception to the warrant requirement, after the trooper had probable cause to believe the vehicle contained evidence of criminal activity.
 

 ImBased on the foregoing discussion, we find that the trial judge properly denied defendant’s motion to suppress evidence.
 

 ERROR PATENT DISCUSSION
 

 We have also conducted a review of the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975).
 

 Our review reveals a discrepancy in the transcript and commitment regarding the trial court’s advisal of the prescriptive period for filing post-conviction relief. Although the commitment reflects defendant was properly advised of the prescriptive period for post-conviction relief, the transcript and written waivers reflect an improper advisal. In accord with
 
 State v. Neely,
 
 08-707 (La.App. 5 Cir. 12/16/08), 3 So.3d 532, 538,
 
 writ denied,
 
 09-0248 (La.10/30/09), 21 So.3d 272 and
 
 State v. Davenport,
 
 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451,
 
 writ denied,
 
 09-0158 (La.10/16/09), 19 So.3d 473, we advise defendant by this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922.
 

 Accordingly, for the reasons set forth herein, we affirm defendant’s conviction and sentence.
 

 
 *162
 

 DEFENDANT’S CONVICTION AND SENTENCE ARE AFFIRMED.