PER CURIAM.
hWe granted the State’s writ application in this criminal matter to review whether the Trial Court abused its discretion in granting the defendant’s motion to suppress. After reviewing the transcript from the suppression hearing, we conclude the Trial Court abused its discretion. For the following reasons, we reverse and vacate the ruling of the lower courts and hereby deny the defendant’s motion to suppress.
In this case, the Trial Court granted the defendant’s motion to suppress, reasoning the force and duration of an investigatory Terry stop transformed the stop into a de facto arrest for which the officer did not have probable cause. First, we note that the Trial Court’s de facto arrest analysis begins with a faulty premise, stating the circumstances of the defendant’s detention “would easily leave a reasonable person to believe that they were not free to leave and was therefore not within the scope of Terry.” A suspect’s inability to leave merely establishes whether a “seizure” has occurred, not whether a seizure was of the Terry stop or arrest variety. 4 Wayne R. LaFave, Search and Seizure § 9.2(g) (5th ed.2013). Rather, the determination of whether a *754 detention exceeds the bounds of a Terry stop is a fact-intensive inquiry. State v. Miller, 00-1657, pp. 2-8 (La.10/26/01), 798 So.2d 947, 949 (per curiam). In this case, there is no doubt the officer seized |2the defendant. However, the facts the Trial Court found pertinent — that defendant was detained in a private office for an hour while awaiting the arrival of a K-9 unit and was eventually handcuffed — do not support its conclusion that the officer’s lawful investigatory stop escalated into an a de facto arrest unsupported by probable cause.
The officer, relying on his training and experience, reasonably suspected the defendant was a drug courier. The officer was thus objectively justified in pursuing a means of investigation that would quickly confirm or dispel his suspicions. La.Code Crim. Proc. art. 215.1(A); Miller, 00-1657 at p. 3, 798 So.2d at 949. Here, the officer detained the defendant in a private office at the train station for approximately one hour while awaiting the arrival of a K-9 unit to sniff the defendant’s luggage. In assessing the effect of an investigatory detention’s duration, the United States Supreme Court and this Court have focused on the diligence of the detaining officer(s):
In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. A court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second guessing.
U.S. v. Sharpe, 470 U.S. 675, 686, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985); Miller, 00-1657 at p. 3, 798 So.2d at 948 (quoting Sharpe). The transcript from the suppression hearing indicates the officer summoned the K-9 unit contemporaneously with or very soon after bringing the defendant into the private office. The 60-min-ute delay was, therefore, not attributable to any lack of diligence on the part of the officer. Although a 60-minute detention is certainly not brief, Louisiana courts have upheld detentions of similar duration when the detaining officers diligently pursued their investigation. | ?E.g., Miller, 00-1657 at p. 5, 798 So.2d at 951 (Court upheld 53-minute detention where officers acted diligently in summoning K-9 unit to search vehicle suspected of transporting marijuana); State v. Burney, 47,056, pp. 11-12 (La.App. 2 Cir. 5/23/12), 92 So.3d 1184, 1192-93 (extension of lawful traffic stop by approximately 43 minutes from the time defendant refused consent to search of vehicle to the K-9 unit’s arrived was justifiable); State v. Romsky, 01-1067, p. 10 (La.App. 5 Cir. 4/10/02), 817 So.2d 186, 192 (60-minute detention justifiable where officer called K-9 unit within 5 minutes of stopping vehicle suspected of transporting narcotics). In sum, a 60-minute detention does not seem unreasonable under the facts of this case.
Additionally, the Trial Court placed great weight on the fact the officer handcuffed the defendant, stating this was unreasonable and transformed the detention into an unlawful arrest. This Court has stated the use of handcuffs during a putative Terry stop is reasonable if the State can “ ‘point to some specific fact or circumstance that could have supported a reasonable belief that the use of such restraints was necessary to carry out the legitimate purposes of the stop without exposing law enforcement officers, the public, or the suspect himself to an undue risk of harm.’” State v. Porche, 06-0312, p. 8 (La.11/29/06), 943 So.2d 335, 339 (per cu *755 riam) (emphasis added) (citations omitted). In this case, the officer testified he was concerned for his safety as well as the defendant’s safety after the defendant’s repeated outbursts and obstinate refusal to remain seated. Specifically, the officer testified the defendant’s behavior made him and other agents fear the situation was “going to escalate, and in order to prevent any injury to ourselves or to ... [the defendant],” he decided to place the defendant in handcuffs.[1] Although the defendant did not physically threaten the officer, it seems wholly reasonable that the defendant’s erratic, borderline violent behavior would cause the detective |4to fear for his safety. Additionally, the officer could and did lawfully handcuff the defendant to prevent the defendant from being exposed to any undue risk of harm. See e.g., Porche, 06-0312 at p. 7, 943 So.2d at 339 (“Inherent in the right of the police to conduct a brief investigatory detention is also the right to use reasonable force to effectuate the detention.”); United States v. Perdue, 8 F.3d 1455, 1462 (10th Cir.1993) (“Since police officers should not be required to take unnecessary risks in performing their duties ‘they are authorized to take such steps as reasonably necessary to protect their personal safety and to maintain the status quo during the course of [a Terry ] stop.’ ”) (citations omitted).
For the foregoing reasons, the ruling of the Trial Court, granting defendant’s motion to suppress, is hereby reversed. Defendant’s motion to suppress is denied and the ease is remanded to the Trial Court for further proceedings.
JUDGMENT OF TRIAL COURT REVERSED; MOTION DENIED; REMANDED TO DISTRICT COURT.
JOHNSON, C.J., would deny.
WEIMER, J., concurs in part and dissents in part and assigns reasons.
HUGHES, J., concurs in part and dissents in part for the reasons assigned by WEIMER, J.

. TRO Suppression Hr’g Tr. 26, Sept. 21, 2012.