MARC E. JOHNSON, Judge.
| ^Defendant, Latour Turner, appeals the trial court’s denial of his motion to suppress the evidence under State v. Crosby, 338 So.2d 584 (La.1976). For the reasons that follow, we affirm.
Defendant was charged in a bill of information with possession of a handgun while in possession of marijuana in violation of La. R.S. 14:95(E) (count one), two counts of possession with intent to distribute marijuana in violation of La. R.S. 40:966(A) (counts two and three),[1] felon in possession of a firearm in violation of La. R.S. 14:95.1 (count four), and possession of cocaine in violation of La. R.S. 40:967(C) (count five). The State subsequently entered a nolle prosequi as to count four.
Defendant filed motions to suppress the evidence and statement, which were denied after a hearing. He sought review of the trial court’s denial of his motion to suppress the evidence, which was denied by this Court on the basis Defendant had Ran adequate remedy on appeal. State v. Turner, 10-311 (La.App. 5 Cir. 4/9/10) (unpublished writ disposition).
Thereafter, on June 1, 2010, Defendant pled guilty under State v. Crosby, supra, to counts one, two and five. He also pled guilty to count three.[2] Pursuant to a plea agreement, the trial court sentenced Defendant to five years without benefit of parole, probation or suspension of sentence on count one; 12 years, with the first five years to be served without benefit of parole, probation or suspension of sentence, on each of the counts two and three; and five years on count five. The trial court ordered the sentences to run concurrently with each other and with Defendant’s sentence in another case.
Defendant obtained an out-of-time appeal through an application for post-conviction relief on January 3, 2012. He now appeals the trial court’s denial of his motion to suppress the evidence. The record shows that Defendant’s guilty pleas to counts one, two and five were accepted pursuant to Crosby, which allows appellate review if, at the time the plea is entered, the defendant expressly reserved his right to appeal a specific adverse ruling in the case Crosby, supra. Here, Defendant *1190 failed to specify which pre-trial ruling he desired to reserve for appeal.
A defendant’s failure to specify which pre-trial ruling he desires to reserve for appeal as part of a guilty plea entered pursuant to Crosby limits the scope of appellate review, but it does not preclude review altogether. State v. Joseph, 08-315 (La.5/16/03); 847 So.2d 1196 (per curiam). Absent specification, the appellate court should presume the Crosby reservation preserves review of those evidentiary rulings that “go to the heart of the prosecution’s case,” such as the denial of a motion to suppress, and not rulings that may affect the conduct of the Rtrial but do not substantially relate to guilt. Id., 847 So.2d at 1196-97. Thus, we find the denial of Defendant’s motion to suppress evidence is reviewable on appeal.
Defendant argues the trial court erred in denying his motion to suppress the evidence because the police officers did not have probable cause to arrest him and, thus, the search of his vehicle incident to the arrest was illegal.
At the suppression hearing, Deputy Joshua Collins with the Jefferson Parish Sheriffs Office testified that he and his partner were on patrol near the Tallow Tree area of Jefferson Parish on May 15, 2009, when he initiated a traffic stop at approximately 1:06 a.m. after Defendant turned right without using a proper turn signal. Deputy Collins stated that Defendant slowed his vehicle, traveled approximately 500 yards, and came to a stop.
On his own initiative, Defendant exited his vehicle and approached the deputies’ patrol car. Deputy Collins noted that Defendant seemed impaired. He explained that Defendant was very unsure of his footing, had glazed over eyes that had a brown tint to them, had di’oopy eyelids and a droopy face, and spoke with a slurred tone. Deputy Collins testified that in his experience, these characteristics were indicative of a person possibly being high on marijuana or a similar substance. As Defendant approached, Deputy Collins smelled a strong odor of marijuana emanating from Defendant’s vehicle. He also detected a slight odor of marijuana on Defendant’s clothes. Deputy Collins did not conduct a field sobriety test because he was not certified at the time to do so.
Deputy Collins asked Defendant if he had been “smoking weed,” and Defendant replied, “Oh, I was smoking weed at my boy’s house. There’s none in |sthe car. There’s nothing here.”[3] Deputy Collins closed the door to Defendant’s vehicle, which had been left open, and called for a canine unit. Deputy Collins placed Defendant in handcuffs, advised him of his rights, and put him in the backseat of the patrol car while he waited for the canine unit to arrive.
The canine unit arrived at the scene within 10-20 minutes. The canine officer conducted an “exterior perimeter” of Defendant’s vehicle with his drug detection dog. The dog alerted to the rear gas cap and to the driver’s side of the vehicle where the hood meets the windshield. Deputy Collins and his partner subsequently searched those areas. Inside the gas cap, the deputies found a clear plastic bag containing vegetative matter. Inside that bag was an additional clear bag of vegetative matter. In a separate clear plastic bag were numerous off-white rocks. Under the hood of the vehicle, the deputies found a large clear bag with numerous other clear bags filled with vegetative matter and a black semiautomatic pistol.
The deputies then searched the interior of the vehicle and discovered a blunt containing the same vegetative matter as the *1191 plastic bags found in the gas cap and under the hood in a compartment near the windshield visor. The deputies also found a box of “great blunts,” which Deputy Collins explained are cut open, emptied of tobacco, and used as flavored smoking paper.
Deputy Collins testified that Defendant was placed under arrest after the narcotics were found. Defendant was also issued a citation for turning without using a proper turn signal and driving with a suspended license.
Deputy Collins was the sole witness at the suppression hearing. At the conclusion of the hearing, the trial court gave the parties time to submit briefs. Thereafter, the trial court denied the motions to suppress.
| fiBoth the Fourth Amendment to the Constitution of the United States and Article I, § 5 of the Louisiana Constitution protect individuals from unreasonable searches and seizures. State v. Kinard, 12-446 (La.App. 5 Cir. 11/27/12); 105 So.3d 974, 978. Warrantless searches and seizures are unreasonable per se unless justified by one of the exceptions to the warrant requirement. If evidence was derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. Id.
 Initially, the State bears the burden of proving the admissibility of the evidence seized without a warrant when the legality of a search or seizure is placed at issue by a motion to suppress evidence. State v. Thompson, 11-915 (La.5/8/12); 93 So.3d 553, 563; La.C.Cr.P. art. 703(D). The trial court’s denial of a motion to suppress is afforded great weight and its ruling will not be set aside unless there is an abuse of discretion. Id.
The right of law enforcement officers to stop and interrogate those reasonably suspected of engaging in criminal activity is recognized by La.C.Cr.P. art. 215.1, as well as by state and federal jurisprudence. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Generally, the decision to stop a vehicle is reasonable when the police have probable cause to believe a traffic violation has occurred. State v. Waters, 00-356 (La.3/12/01); 780 So.2d 1053, 1056, citing Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). The standard is purely objective and does not take into consideration the subjective beliefs or expectations of the detaining officer. Id. “When an officer observes what he objectively believes is a traffic offense, the decision to stop the vehicle is reasonable, | .¡.regardless of the officer’s subjective motivation.” State v. Hunt, 09-1589 (La.12/1/09); 25 So.3d 746, 753.
In this case, Deputy Collins observed Defendant’s vehicle turn right without using a turn signal, which is prohibited by La. R.S. 32:104(B).[4] Thus, Deputy Collins had probable cause to pull the vehicle over for a traffic violation.
Louisiana Code of Criminal Procedure article 215.1(D) states that in conducting a traffic stop “an officer may not detain a motorist for a period of time longer than reasonably necessary to complete the investigation of the violation and *1192 issuance of a citation for the violation, absent reasonable suspicion of additional criminal activity.” Once Defendant stopped his vehicle, he immediately exited without any further action by the officers. As Defendant approached the officers, Deputy Collins observed that he was obviously impaired and detected a strong odor of marijuana coming from the vehicle and Defendant’s clothes. Based on this, Deputy Collins had reasonable suspicion of additional criminal activity to justify the enlargement of the scope of his investigation and the request for aid by the canine unit. See State v. Chinn, 11-893 (La.App. 5 Cir. 4/24/12); 94 So.3d 838, 844, writ denied, 12-1171 (La.11/2/12); 99 So.3d 663.
Inherent in the right of the police to conduct a brief investigatory detention is also the right to use reasonable force to effectuate the detention. State v. Morton, 08-164 (La.App. 5 Cir. 7/29/08); 993 So.2d 651, 657. There is no question that that the use of handcuffs incrementally increases the degree of force that is used in detaining an individual. However, the use of handcuffs does not necessarily elevate the detention to an arrest. To show that an investigatory detention involving the use of handcuffs did not exceed the limits of a Terry stop, the State |Rmust show some fact or circumstance that could have supported a reasonable belief that the use of restraints was necessary to carry out the legitimate purpose of the stop without exposing the law enforcement officers, the public, or the suspect himself to an undue risk of harm. Id.
Deputy Collins placed Defendant in handcuffs after detecting the odor of marijuana coming from Defendant’s vehicle and his person. When asked if he had been smoking marijuana, Defendant stated he had. It has long been established that drugs, guns, and violence often go together and is a factor to support the reasonableness of using restraints. State v. Mitchell, 10-334 (La.App. 5 Cir. 10/26/10); 52 So.3d 155, 160, writ denied, 11-355 (La.12/2/11); 76 So.3d 1170. The record shows that the officers were in a high crime area where numerous undercover buys and drug arrests had occurred. Additionally, the officers could not see how many people were in the vehicle Defendant exited. Under these circumstances, we find that the handcuffing of Defendant was reasonable and did not rise to the level of an arrest, but rather was a permissible detention for further investigation.[5]
The delay of 10-20 minutes for the canine unit to arrive on the scene also did not convert the encounter into a de facto arrest, but rather allowed Deputy Collins the opportunity to “pursue a means of investigation that was likely to confirm or dispel his suspicions quickly” without unnecessary delay. State v. Chinn, 94 So.3d at 844, quoting U.S. v. Sharpe, 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985). (See also State v. Turner, 13-180 (La.3/1/13); 108 So.3d 753 (per curiam), where the Louisiana Supreme Court found that the officer’s handcuffing of the defendant, who was behaving erratically, and placing him in a [ 9private office for one hour while awaiting the arrival of a canine unit to sniff the defendant’s luggage upon the officer’s suspicion the defendant was a drug courier did not rise to the level of an arrest for which probable cause was required; and State v. Miller, 00-1657 (La.10/26/01); 798 So.2d 947, 951, where the supreme court held that the defendant’s 53-minute detention *1193 from the traffic stop until the canine alerted to the defendant’s trunk did not convert the encounter into a defacto arrest.)
Having determined the initial stop and detention of Defendant were lawful, our next inquiry is whether the subsequent search of Defendant’s vehicle was legal. We find that the search of Defendant’s vehicle was justified pursuant to the automobile exception to the warrant requirement. The Louisiana Supreme Court has explained that the inherent mobility of a vehicle and the risk of losing evidence because of this mobility have prompted courts to allow police to conduct an immediate warrantless search with probable cause. State v. Long, 03-2592 (La.9/9/04); 884 So.2d 1176, 1183 n. 6, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005).
In this case, both the canine’s alert to the gas cap and hood area of Defendant’s vehicle and Deputy Collins’ detection of the odor of marijuana emanating from the vehicle gave the officers probable cause to search the car. Courts have consistently held that the odor of marijuana provides officers with sufficient probable cause to conduct warrantless searches of vehicles. See State v. Mitchell, 52 So.3d at 160. Thus, even without the use of the drug dog and its alert on the exterior of Defendant’s vehicle, Deputy Collins had probable cause to search Defendant’s vehicle.
On appeal, Defendant argues the search of his vehicle was illegal under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), which |lnonly allows the search of a vehicle incident to a recent occupant’s arrest if the arrestee is within reaching distance to the vehicle at the time of the search. However, the instant case is distinguishable from the facts in Gant because it does not involve a search incident to an arrest, but rather the evidence was seized after the officer had probable cause to believe the vehicle contained evidence of criminal activity.[6]
In summary, Deputy Collins had probable cause to stop Defendant’s vehicle when he observed a traffic violation. Upon observing Defendant’s impairment and smelling the odor of marijuana emanating from the vehicle and on Defendant’s person, Deputy Collins had reasonable suspicion to enlarge the scope of his investigation. The odor of marijuana coming from Defendant’s vehicle and the drug detection dog’s alert to the vehicle gave the officers probable cause to search the vehicle for contraband. The warrantless search of the vehicle based on probable cause was allowed under the automobile exception. Thus, the evidence seized was the result of a lawful stop and search. Accordingly, the trial court properly denied Defendant’s Motion to Suppress the Evidence.
In accordance with La.C.Cr.P. art. 920, we have conducted a review of the record for errors patent. The State contends Defendant received an illegally lenient sentence on count one, possession of a firearm while in possession of marijuana, because he did not receive the mandatory fine required by La. R.S. 14:95(E). La. R.S. 14:95(E) provides that an offender “shall be fined not more than ten thousand dollars.” Although this Court has held that a statute requiring a fine of “not more than” a specified amount does require a fine, this matter is not free from doubt. State v. Kerlec, 06-838 (La.App. 5 Cir. 4/11/07); 957 So.2d 810, 815.
| uThis Court has the authority to correct an illegally lenient sentence un *1194 der La.C.Cr.P. art. 882; however, this authority is permissive rather than mandatory. State v. Pollard, 12-346 (La.App. 5 Cir. 12/18/12); 106 So.3d 1194, 1203. In this case, Defendant was sentenced in accordance with a plea agreement. When a defendant is sentenced pursuant to a guilty plea, this Court has declined to correct an illegally lenient sentence, recognizing that the appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and that resulted in the disposition of the case favorable to the defendant. State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09); 24 So.3d 235, 242. Additionally, we note Defendant is indigent, since he is represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases. Since Defendant’s sentence resulted from a guilty plea and he is indigent, we decline to exercise our authority to correct the illegally lenient sentence. See State v. Kinard, 12-446 (La.App. 5 Cir. 11/27/12); 105 So.3d 974, 980.
Our review also shows that the commitment does not reflect that all four of Defendant’s sentences were imposed at hard labor. The sentencing transcript shows that each of Defendant’s sentences was imposed “in the Department of Corrections.” [7] However, the commitment only indicates that Defendant’s 12-year sentence was to be served at hard labor. When there is a discrepancy in the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, we remand the matter to the trial court for correction of the commitment to reflect that each of the four sentences is to be served at hard labor to insure the accuracy of the record. We further order that a copy of the corrected commitment be transmitted to the Louisiana Department of Corrections.

\, .DECREE

We find no error in the trial court’s denial of Defendant’s motion to suppress the evidence. Accordingly, Defendant’s convictions and sentences are affirmed. The matter is remanded for correction of the commitment.

AFFIRMED; REMANDED WITH INSTRUCTION

. Count three initially charged Defendant with possession with intent to distribute marijuana as a violation of La. R.S. 40:966(C)(1)(A). The bill of information was later amended to reflect the correct statute, La. R.S. 40:966(A), for the charge.

. Counts one, two and five arose from an incident that occurred on May 15, 2009, while count three arose from an incident that occurred on July 18, 2009. According to the record, Defendant’s guilty plea to count three was not entered pursuant Crosby.

. This was the only statement Defendant made to the officers.

. La. R.S. 32:104(B) provides: "Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then travelling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.”

. Of note, we believe the officers had probable cause to arrest Defendant at this time based on the smell of marijuana coming from his vehicle and person, his obvious impairment, and his admission that he had been “smoking weed.” See State v. Wyatt, 99-2221 (La.App. 4 Cir. 9/27/00); 775 So.2d 481, 483.

. Even if the search of Defendant’s vehicle had been incident to his arrest for a marijuana-related offense, Gant, 556 U.S. at 343, 129 S.Ct. at 1719, allows for the search of the vehicle if there is reason to believe the vehicle contains evidence of the offense of arrest.

. A sentence committing a defendant to the Department of Corrections is necessarily at hard labor. State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04); 885 So.2d 618, 621 n2.