STATE OF LOUISIANA

VERSUS

DOMINIC DELAY

NO. 24-K-575

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

December 05, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** DOMINIC DELAY

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JACQUELINE F. MALONEY, DIVISION "D", NUMBER 24-4314

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Timothy S. Marcel

**WRIT DENIED**

Defendant-relator, Dominic Delay, seeks review of the trial court's denial of his motion to suppress evidence. For the reasons that follow, we deny relator's writ application.

On August 23, 2024, the Jefferson Parish District Attorney filed a bill of information charging defendant, Dominic Delay, with possession of a firearm while in possession of a controlled dangerous substance, a violation of La. R.S. 14:95(E). On October 30, 2024, defense counsel filed a "Motion to Suppress All Evidence from the Unconstitutional Warrantless Search" of defendant's automobile and black backpack, arguing that the search violated the Fourth Amendment. According to counsel, the search of a backpack that had been observed in defendant's possession revealed a large silver Ziplock-style bag containing green vegetable matter and a Ruger Security 9 mm firearm.

24-K-575

At the suppression hearing, the State informed the trial court that narcotics officers received a tip from a reliable source alleging that defendant was trafficking marijuana, transporting it in a black bag that contained marijuana and a pistol. Officers conducted surveillance, observed defendant entering a vehicle with the bag, and arrested him on outstanding traffic attachments. The State claimed the odor of marijuana emanated from the vehicle and was traced to the bag, which contained marijuana, a pistol, and a prescription bottle bearing defendant's name.

Defense counsel argued that the search of the bag was unlawful, emphasizing that defendant was outside the vehicle at the time of arrest and asserting that the automobile exception did not apply, because the vehicle was parked. Defense counsel further stated that the body-camera footage did not capture the search and argued that the search was unrelated to the 2002 traffic attachment justifying the arrest.

At the suppression hearing, Detective Gex, a narcotics detective with the Jefferson Parish Sheriff's Office (JPSO), confirmed that he investigated defendant in July 2024 and identified him in open court. Detective Gex began investigating defendant after receiving information from a reliable confidential informant (CI) who had proven reliable in the past. The CI indicated that defendant was packaging marijuana at the location on Lake Avenue, which served as the base of his operation. Detective Gex testified that the CI provided very specific information about defendant's address, apartment number, and vehicle, and stated that defendant typically carried a black backpack in which he kept marijuana and a gun.

Detective Gex testified that he initiated surveillance after observing defendant's vehicle, which matched the informant's description. He confirmed that the location given by the informant was defendant's address, verified through a law enforcement database and the fact that the vehicle, a Nissan Rogue, was parked at the address. Detective Gex testified that surveillance began around 11:00 a.m.,

2

with the encounter and arrest of defendant occurring at 1:50 p.m. on the same day. The detective stated that defendant, who exited the residence carrying a black bag and entered a black Nissan Rogue, matched the CI's description. Based on this information and the outstanding attachments, the officers conducted an investigatory stop and arrested defendant.

Detective Gex further testified that the officers approached defendant while he was getting into his vehicle. Detective Gex believed that defendant was seated in the vehicle at the time. He stated that as the officers approached, they detected the odor of marijuana, which appeared to be coming from the black bag. The officers removed defendant from the car and apprehended him. Detective Gex said that a search of the bag revealed marijuana, a gun, and personal property bearing defendant's name. Detective Gex confirmed that multiple officers were involved, and he was present at the scene as events unfolded, but he was not part of the group that approached defendant as he entered the vehicle; he was there to observe. He stated that he walked up as defendant was taken into custody. Detective Gex testified that he smelled the odor of marijuana emanating from the vehicle but clarified that he was not the first officer to detect it. According to Detective Gex, other officers, including the apprehension team, also smelled the odor of marijuana coming from the car.[1]

Detective Gex testified that the totality of circumstances, including the smell of marijuana and the specific information provided by the CI, led to the search of the bag. He stated that Detective Billiot conducted the search of the bag and referred to the presence of marijuana in it. He explained that he approached the vehicle from the passenger side, looked inside the bag, and at some point removed

---

[1] Detective Gex stated that the driver-side car door was open when he approached the vehicle, and the odor of marijuana was emanating from it. He further stated that after defendant was removed, he walked to the vehicle and detected the odor coming from the passenger side. He explained that the apprehension team determined the odor was coming from the black bag, which initiated the search.

it from the vehicle. He also confirmed that the bag he removed was the same one he observed defendant carrying to the car.

Detective Gex testified that 108 grams of marijuana were found inside of the bag. He testified that the application for the search warrant for the apartment was granted based on the items found in the bag and the vehicle, but that no drugs were discovered inside the apartment. He also confirmed that defendant did not make any statements.

On cross-examination, Detective Gex confirmed that he had spoken to the CI but denied witnessing or knowing of any agent witnessing defendant purchase or sell narcotics. He confirmed that defendant had outstanding attachments in the system related to a traffic violation, but agreed that defendant's vehicle had not moved and defendant had not committed any traffic violations at the time of his arrest.

Detective Gex identified a video from the apartment complex that showed the agents conducting the stop. An officer's body-camera footage was then admitted into evidence and played in court. Detective Gex identified Agent Ashley Sheron in the video pointing a firearm and instructing defendant to exit the vehicle. Detective Gex identified himself and Detective Billiot as the individuals in the background near the passenger side of the vehicle in the video. He testified that it was at this point that he detected the odor of marijuana from the passenger side. He explained that he was unsure if the passenger door was open but stated that he could smell the marijuana from outside the vehicle.

Detective Gex testified that he believed defendant's back pocket was also searched incident to the arrest. As the video continued, he denied observing any other passengers in the vehicle and confirmed that the door was open, though he could not recall how it had been opened. Detective Gex stated that Detective

4

Billiot could be seen searching the bag in the video before the footage was cut off.[2] The detective further testified that he was unsure if any video showed the inside of the bag containing the gun and marijuana, and he did not recall taking any photographs. He denied performing DNA testing on the bag and indicated there might have been testing on the gun.

Defense counsel argued that the search was unlawful because the automobile exception applies only in cases involving a traffic violation, which was not present here. He emphasized that defendant's vehicle was parked in the apartment complex parking lot and that no traffic violation had occurred that would justify the search. Citing *Arizona v. Gant*, *supra*, counsel further argued that the officers were not searching for anything related to the traffic attachment, and at the time the bag was searched, defendant was not in the vehicle, there were no other passengers, and officer safety was not a concern. Counsel argued that defendant was arrested for a traffic attachment and not a violation, and counsel questioned the purpose of the passenger-side search, arguing that a warrant was required under these circumstances. Because no warrant had issued at the time the bag was searched, counsel claims the search was unlawful and requested suppression of the evidence obtained from the bag.

The trial court noted that the odor of marijuana provides officers with sufficient probable cause to conduct warrantless vehicle searches pursuant to relevant case law. In response, defense counsel argued that this principle applies only within the automobile exception, which requires an initial traffic violation to justify probable cause for a search. Counsel contended that the automobile exception did not apply here because the bag was not on defendant's person at the

---

[2] Detective Gex elaborated that body cameras were used primarily for "takedowns" and apprehensions, to capture situations such as shootings or incidents that escalate beyond normal operations. He clarified that they were not typically used for evidentiary purposes or in narcotics investigations, which can involve sensitive circumstances, and that their use was not akin to the use of body cameras in a patrol capacity.

time of arrest. He explained that the bag was on the vehicle's front seat while defendant was outside, approximately ten feet away, being arrested for a 2002 traffic violation. Counsel asserted that the law does not permit officers to enter the vehicle and search the bag under these circumstances.

On the other hand, the State argued that the officers acted lawfully based on the CI's tip identifying a person with a specific type of bag containing narcotics. Officers observed defendant with the described bag and approached to make a lawful arrest pursuant to the attachments. The State argued that the odor of marijuana, which was strong enough to be detected through the vehicle's closed doors, provided probable cause, as it was consistent with the quantity of marijuana later found in the bag. The State further asserted that the officers could plainly smell the marijuana emanating from the vehicle and that they had probable cause to believe a crime was being committed, consistent with the informant's tip. The officers' decision to remove and search the bag, once the smell was determined to be coming from it, was lawful. The State concluded that the evidence obtained from the bag should not be suppressed.

The trial court determined that the officers had probable cause to search the vehicle based on the totality of the circumstances, as testified to by the detective, and therefore denied the motion to suppress. Defendant timely filed this writ application seeking review of the trial court's ruling.

Defendant now contends that the search exceeded the constitutional limits of the Fourth Amendment, given that he was arrested for 2002 outstanding traffic attachments; he was handcuffed, standing approximately six feet from his vehicle; and he was surrounded by officers when the closed black bag on the front passenger seat was unzipped and searched. He asserts that he could not have accessed the vehicle or the bag at the time, and the search was unrelated to the traffic attachments.

Counsel for defendant further argues that the vehicle was parked within the curtilage of defendant's residence, not on a public road, and the officers did not witness any crimes or traffic violations before the arrest. Defendant argues that the automobile exception does not apply to a parked, unoccupied vehicle within the curtilage of defendant's home, and that the smell of marijuana alone does not justify a warrantless search. Counsel further highlights Detective Gex's admission that Officer Billiot was not searching for evidence related to the 2002 traffic attachments.

Counsel also contends that the officers searched both the vehicle and defendant's apartment before the warrant was approved, and that they lacked probable cause or a nexus to justify these warrantless searches. Counsel contends that no testimony or evidence demonstrated exigent circumstances, and neither probable cause nor the totality of the circumstances justified the search. Counsel argues that the trial court abused its discretion in denying defendant's motion to suppress the evidence.

At the outset, we note that the defense did not raise any argument in the trial court related to the search of his apartment, nor did the defense argue in the trial court that the parking lot was within the curtilage of defendant's home. Thus, we decline to address these arguments here. *See State v. Berroa-Reyes*, 12-581 (La. App. 5 Cir. 1/30/13), 109 So.3d 487, 496 ("Articulating a new basis for the motion to suppress for the first time on appeal is prohibited under La. C.Cr.P. art. 841, since the trial court would not be afforded an opportunity to consider the merits of the particular claim."); *see also State v Landix*, 20-K-361 (La. App. 5 Cir. 11/30/20) (unpublished writ disposition) (holding that this tenet applies when considering a writ application). Rather, the defense focused exclusively on the argument that the officers were not justified in conducting a warrantless search of

7

the vehicle, specifically challenging the search of the black bag on the front passenger seat.

The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. *State v. Aston*, 12-955 (La. App. 5 Cir. 9/4/13), 125 So.3d 1148, 1156, *writ denied*, 13-2374 (La. 3/21/14), 135 So.3d 618. A defendant who is adversely affected may move to suppress evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained. La. C.Cr.P. art. 703(A). The trial court's decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. *State v. Every*, 19-40 (La. App. 5 Cir. 5/23/19), 274 So.3d 770, 776-77, *writ denied*, 19-1048 (La. 10/1/19), 280 So.3d 159.

As a general rule, searches and seizures must be conducted pursuant to a validly executed search warrant or arrest warrant. *State v. Holmes*, 08-719 (La. App. 5 Cir. 3/10/09), 10 So.3d 274, 278, *writ denied*, 09-816 (La. 1/8/10), 24 So.3d 857. Warrantless searches and seizures are per se unreasonable unless justified by one of the exceptions to the warrant requirement. *Id.* When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving that the search and seizure were justified pursuant to one of the exceptions to the warrant requirement. La. C.Cr.P. art. 703(D); *State v. Joseph*, 02-717 (La. App. 5 Cir. 6/27/03), 850 So.2d 1049, 1052, *writ denied sub nom. State ex rel. Joseph v. State*, 04-2404 (La. 6/17/05), 904 So.2d 686.

When evidence is seized pursuant to a search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. La.

C.Cr.P. art. 703(D); *State v. Falcon*, 13-849 (La. App. 5 Cir. 3/12/14), 138 So.3d 79, 88, *writ denied*, 14-769 (La. 11/14/14), 152 So.3d 877.

Detective Gex testified that in July 2024, a CI provided information that defendant was packaging and distributing marijuana from a location on Lake Avenue. He stated that the CI had proven reliable in the past and had provided specific details, including that defendant carried a black backpack containing marijuana and a firearm. Detective Gex testified that the CI also identified defendant's vehicle and address.

The detective conducted surveillance at the Lake Avenue location and observed defendant exiting a residence carrying a black backpack and entering a black Nissan Rogue that matched the informant's description. He testified that officers detected the odor of marijuana as they approached the vehicle, which led to an investigatory stop and defendant's arrest. Detective Gex stated that a search of the backpack revealed marijuana, a firearm, and personal property linked to defendant.

In *State v. Lacrosse*, 19-599 (La. App. 5 Cir. 1/7/20), 2020 WL 88838, this Court summarized the law on warrantless searches of vehicles as follows:

> In *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (per curiam), the United States Supreme Court held that if a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits the police to search the vehicle. In *Maryland v. Dyson*, 527 U.S. 465, 466-67, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (per curiam), the Supreme Court explained that the "automobile" exception has no separate exigency requirement. This Court has also recognized that the "automobile" exception does not have an independent exigency requirement, and if probable cause exists for the search of the vehicle that is sufficient. The exigency is supplied by the inherent mobility of the vehicle and the citizen's lesser expectation of privacy. *State v. Mitchell*, 10-334 (La. App. 5 Cir. 10/26/10), 52 So.3d 155, 160 (citing *Joseph*, 850 So.2d at 1054).
>
> In addition, the Louisiana Supreme Court has recognized that there is no constitutional distinction between seizing and

holding a car before presenting the probable cause issue to a magistrate and immediately searching the vehicle without a warrant. *Mitchell*, *supra*; *Joseph*, *supra*. Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution. *State v. Tatum*, 466 So.2d 29, 31 (La. 1985).

Probable cause means "a fair probability that contraband will be found." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Mitchell*, *supra*. Whether probable cause exists must be judged by the probabilities and practical considerations of everyday life on which average people, and particularly average police officers, can be expected to act. *State v. Jones*, 09-688 (La. App. 5 Cir. 2/9/10), 33 So.3d 306, 317.

Additionally, courts, including this Court, have consistently held that the odor of marijuana provided the officers with sufficient probable cause to conduct warrantless searches of vehicles. *State v. Turner*, 12-855 (La. App. 5 Cir. 5/16/13), 118 So.3d 1186, 1193; *State v. Allen*, 10-1016 (La. 5/7/10), 55 So.3d 756 (per curiam); *Mitchell*, *supra*.

*Lacrosse*, 2020 WL 88838, at *3-4 (quoting *State v. Brown*, 17-420 (La. App. 5 Cir. 2/21/18), 239 So.3d 455, 461-62, *writ denied*, 18-480 (La. 1/18/19), 262 So.3d 281).

In *State v. Jackson*, 22-K-40 (La. App. 5 Cir. 3/22/22) (unpublished writ disposition), *writ denied*, 22-649 (La. 6/8/22), 338 So.3d 1195, the relator argued in part that that his Fourth Amendment rights against illegal search and seizure were violated when JPSO personnel, without a warrant, seized items from the vehicle he was operating. There, a reliable CI reported that the relator had been selling cocaine, identified him as driving a blue BMW, and provided his exact address. The informant also claimed to have seen the relator with cocaine and stated that he carried a firearm. The detective confirmed the address, found that the relator had traffic attachments, and conducted surveillance. He observed the relator exit the residence with a blunt behind his ear and a backpack, enter a blue BMW, and place the backpack on the passenger seat. The detective then conducted an investigatory stop and seized the blunt. A subsequent search of the relator's

backpack revealed four grams of marijuana. The relator had outstanding traffic attachments and did not challenge his initial stop or arrest. The application for a search warrant of the relator's home stated that the detective smelled burning marijuana emanating from the vehicle upon initiating the stop. This Court held that the odor of marijuana provided officers with sufficient probable cause to conduct a warrantless search of the vehicle. Accordingly, the Court found that the JPSO had reason to suspect contraband would be found inside the car and thus had probable cause to search the relator's vehicle and its contents, including the backpack, without first obtaining a warrant. *Id.*

Defense counsel does not contest the initial stop of defendant but challenges the seizure of the backpack found in the vehicle, citing *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Yet the present case is distinguishable from *Gant* because here, the State does not rely on the search-incident-to-arrest exception to justify the seizure of the contraband. Although defendant was arrested pursuant to outstanding warrants, the search of the vehicle and backpack was based on the officers' detection of the odor of marijuana, which provided probable cause to believe the vehicle contained evidence of criminal activity.

Further, defendant was lawfully stopped because he had outstanding traffic attachments. *See State v. Leonard*, 11-363 (La. App. 5 Cir. 11/15/11), 80 So.3d 535, 545, *writ denied sub nom. State ex rel. Leonard v. State*, 12-14 (La. 8/22/12), 97 So.3d 356 ("[E]ven if the trial judge had found that the contraband was not subject to seizure under the 'plain view' exception to the warrant requirement, the detectives discovered during the investigatory stop that defendant had an outstanding attachment, which provided probable cause for his arrest…").

Detective Gex testified that a CI indicated that defendant was packaging and distributing marijuana, identified defendant's vehicle, and provided his address.

11

The CI also stated that defendant carried a backpack. The detectives confirmed defendant's address and vehicle through surveillance, and they observed defendant exiting his residence with the backpack and entering the vehicle. Although they arrested defendant for outstanding traffic attachments, during the investigatory stop the officers detected the odor of marijuana emanating from the vehicle and determined that it was coming from the black backpack. A search of the backpack revealed 108 grams of marijuana, a firearm, and personal items linking the bag to defendant.

The odor of marijuana, combined with the circumstances of this case, provided the officers with sufficient probable cause to search both the vehicle and the backpack without a warrant. As such, we find no error in the trial court's judgment denying the motion to suppress.

Gretna, Louisiana, this 5th day of December, 2024.

**SMC**
**SJW**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **12/05/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-K-575**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Jacqueline F. Maloney (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Brandon D. Spann (Relator)
Attorney at Law
1100 Poydras Street
Suite 1475
New Orleans, LA 70163

Ashton M. Robinson (Respondent)
Assistant District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053