850 So.2d 1049 (2003)
STATE of Louisiana
v.
Andrew J. JOSEPH, Jr.
No. 02-KA-717.
Court of Appeal of Louisiana, Fifth Circuit.
June 27, 2003.
*1050 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Lisa B. Schneider, Assistant District Attorneys, Gretna, LA. for Appellee.
Holli Herrle-Castillo, Marrero, LA, for Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
In our previous decision in this case, *1051 State v. Joseph,[1] we found that Joseph failed to preserve adverse rulings for appellate review, and noted that the sentencing court's failure to specify that the fifteen-year sentence was to be served without benefits of probation or suspension of sentence was an error patent.
Thereafter, the supreme court reversed our finding that defendant failed to preserve adverse rulings for appellate review, and remanded for this court to "afford defendant review of the trial court's denial of his motion to suppress the evidence." Other aspects of our original opinion, however, remain intact. For the following reasons, the judgment of the trial court is affirmed.

LAW AND ANALYSIS
Joseph contends that the trial court erred in refusing to suppress the evidence found in the vehicle. The State replies that the trial court correctly refused to suppress the evidence.
The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures.[2] Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement.[3]
A search incident to a lawful arrest is one of the clearly recognized exceptions to a warrantless search.[4] In a search incident to a lawful arrest, the officer may search the suspect's person and the area within his immediate control in order to remove weapons and prevent destruction of evidence.[5]
A second exception to the prohibition against warrantless searches is the "automobile exception." In the recent United States Supreme Court decision of Maryland v. Dyson,[6] the Court discussed this exception:
The Fourth Amendment generally requires police to secure a warrant before conducting a search. California v. Carney, 471 U.S. 386, 390-391, 105 S.Ct. 2066, 85 L.Ed.2d 406. As we recognized nearly 75 years ago in Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1925), there is an exception to this requirement for searches of vehicles. And under our established precedent, the "automobile exception" has no separate exigency requirement. We made this clear in United States v. Ross, 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) when we said that in cases where there was probable cause to search a vehicle `a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained.' In a case with virtually identical facts to this one (even down to the bag of cocaine in the trunk of the car), Pennsylvania v. Labron, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (per curiam) we repeated that the automobile exception does not have a separate *1052 exigency requirement: `If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more.' Id. at 940, 116 S.Ct. 2485.[7]
When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving that the search and seizure was justified pursuant to one of the exceptions to the warrant requirement.[8]
In reviewing the ruling on the motion to suppress, the appellate court will look to the totality of the evidence as presented at the hearing on the motion and the trial.[9] The trial judge's determination on the motion to suppress will not be disturbed on appeal, unless it is clearly wrong.[10]
In refusing to grant the motion to suppress the evidence, the trial judge stated the following:
THE COURT:
Okay, the Court finds that probable cause and exigent circumstances existed sufficient to justify not only the arrest, but the subsequent search that followed the arrest. Motion is denied.
On appeal, Joseph argues that the officers were not justified in searching the interior and trunk of the vehicle, as no exception to the prohibition against a warrantless search existed. In this regard, Joseph infers that the automobile exception was inapplicable because there were no exigent circumstances since, at the time the vehicle was searched, he had already been arrested and placed in the back of the police unit. Thus, Joseph suggests that the officer could have obtained a warrant or made a seizure of the vehicle and conducted an inventory search.
Joseph also assails the scope of the search, arguing that the dog alerted to a jacket inside the vehicle but the officer searched both the interior of the vehicle and the trunk.
The State replies that the evidence was seized from Joseph's person pursuant to a search incident to a lawful arrest. Additionally, the evidence seized from the interior and trunk of the vehicle qualifies under the "automobile exception" to the prohibition against warrantless searches. In this regard, the State argues that the "automobile exception" is based upon the inherent mobility of the vehicle and the citizen's reduced expectation of privacy. Finally, the State alleges that the extent of the search was justified.
Joseph, in brief, concedes that his initial stop for a traffic violation was justified. In a per curiam opinion, in State v. Waters,[11] the Louisiana Supreme Court, quoting from Whren v. United States,[12] noted that an automobile stop is reasonable where the police have probable cause to believe that a traffic violation has occurred.
*1053 In the present case, the officer indicated at the suppression hearing that he initially intended to issue Joseph a citation. The officer had the right to conduct a routine license and registration check.[13]
After stopping Joseph, Officer Schuyler ran the vehicle license plate number in the computer and discovered that the plate belonged to a Mercedes Benz and not the Mazda driven by the defendant. Officer Schuyler asked Joseph for his driver's license and the officer discovered the license had been suspended. Thereafter, Officer Schuyler ran Joseph's name in the national crime computer. The computer results indicated the defendant was wanted on three outstanding attachments, including one for possession of crack cocaine. Based upon the outstanding warrants, Officer Schuyler advised Joseph that he was under arrest and gave Joseph his rights.
In addition to the numerous traffic offenses, the outstanding attachments provided probable cause required for Joseph's arrest.
As previously stated, once under arrest, the officer had the right to search the suspect's person and the area within his immediate control in order to remove weapons and prevent destruction of evidence.[14] Such a search is clearly recognized as an exception to the constitutional prohibition against warrantless searches.[15] The search of Joseph's person revealed possession of narcotics (i.e., Oxycodone and Soma). Under these circumstances the seizure of this contraband was lawful.
The officer placed Joseph in the back of the police car and returned to retrieve the registration from the defendant's glove compartment. Since the officer was aware that the vehicle's plate was not registered to this vehicle, the officer had probable cause to search the glove compartment for the vehicle registration in order to ascertain if the vehicle was stolen (i.e., evidence of a crime).[16] It was during this search that the drug paraphernalia was found and seized.
Since the officer was lawfully within a position from which he viewed the drug paraphernalia, and the incriminating character of the objects was immediately apparent, the officer had a lawful right to seize the objects without a warrant.[17]
Although this discovery arguably gave the officer probable cause to search the vehicle for drugs, the officer nonetheless took the additional precautionary measure of calling for a drug detection dog.
A canine "sniff" is not a search and officers do not need reasonable suspicion to conduct a dog "sniff" search.[18] The dog alerted to a jacket on the interior of the vehicle. This additional factor established probable cause for the search of the jacket and the seizure of the narcotics found inside. This discovery also provided probable cause for the search of the vehicle.
Once probable cause for the search of the vehicle exits, the officer has the authority *1054 to search those places in the vehicle in which there is probable cause to believe the object searched for may be found.[19] As such, the warrantless search of the trunk of the vehicle and the bag contained therein for contraband was constitutionally sanctioned.
Joseph's argument that the "automobile exception" to the warrant requirement was not met because there were no exigent circumstances, as the defendant had been arrested and was in the back of the police unit, is misplaced. As previously stated, the Supreme Court has repeatedly said the "automobile exception" does not have an independent exigency requirement and if probable cause exists for the search of the vehicle that is sufficient. The exigency is supplied by the inherent mobility of the vehicle and the citizen's lesser expectation of privacy.[20] Thus, since the officer had probable cause to believe the defendant's vehicle contained drugs and drug paraphernalia, he was justified in searching it without a warrant.
Joseph's argument that the scope of the search was overreaching, in that the drug detection dog only alerted to the jacket in the compartment of the vehicle and not the trunk, is also without merit. This Court, in State v. Jackson,[21] sustained the seizure of drugs from the car trunk, and reasoned:
[T]he United States Supreme Court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed within may conduct a search of the vehicle that is as thorough as a magistrate could require in a warrant.
For constitutional purposes, there is no difference between seizing and holding a car before presenting the probable cause issue to a magistrate and carrying out an immediate search without a warrant....Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution.[22]
For these reasons, we find that the search of the defendant and the vehicle were constitutionally permissible and that, accordingly, the trial judge correctly refused to suppress the evidence in this case. For the foregoing reasons, the defendant's conviction is affirmed.
AFFIRMED
NOTES
[1] 02-717 (La.App. 5 Cir. 1/14/03), 839 So.2d 103.
[2] State v. Manson, 01-159, pp. 6-7 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 755.
[3] State v. Manson, supra, at 757 (citing Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)).
[4] Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
[5] State v. Andrishok, 434 So.2d 389, 391 (La. 1983); State v. London, 01-1015, p. 9 (La. App. 5 Cir. 3/13/02), 815 So.2d 162, 166.
[6] 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999).
[7] Maryland v. Dyson, 527 U.S. at 466-467, 119 S.Ct. 2013.
[8] State v. London, 815 So.2d at 162, 164.
[9] State v. Wilson. 00-0178, p. 3 (La. 12/8/00), 775 So.2d 1051, 1053; State v. Manson, 01-159, p. 6 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 755.
[10] State v. Casey, 99-0023, p. 2 (La. 1/26/00), 775 So.2d 1022, 1029, cert denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
[11] 00-0356, p. 6 (La.3/12/01), 780 So.2d 1053, 1056.
[12] 517 U.S. 806, 810 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996).
[13] State v. Charmaine, 00-1657, pp. 5-6 (La.10/26/01), 798 So.2d 947, 950.
[14] State v. Andrishok, supra; State v. London, supra.
[15] Chimel v. California, supra.
[16] See, LSA-R.S. 32:51
[17] State v. Henderson, 99-471, pp. 5-6 (La. App. 5 Cir. 10/26/99), 746 So.2d 173, 176, writ denied, 99-3485 (La.5/26/00), 762 So.2d 1102 (citing Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)).
[18] United States v. Place, 462 U.S. 696, 707, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Romsky, 01-1067, p. 16 (La.App. 5 Cir. 4/10/02), 817 So.2d 186, 192.
[19] California v. Acevedo, 500 U.S. 565, 570, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (citing United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)).
[20] Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996).
[21] 00-1014, pp. 8-9 (La.App. 5 Cir. 12/14/00), 778 So.2d 23, 29, writ denied, 01-0162 (La.11/21/01), 802 So.2d 629
[22] State v. Jackson, 778 So.2d at 29 (citations omitted).