STEPHEN J. WINDHORST, Judge.
| ¡.Defendant, Raymone Gayden, pled guilty as charged to felon in possession of a firearm in violation of La. R.S. 14:95.1 (count one); possession with intent to distribute heroin in violation of La. R.S. 40:966(A) (count two); and possession of cocaine “in excess of 28 to 199 grams” in violation of La. R.S. 40:967(F) (count three) and was sentenced to imprisonment *767 at hard labor for fifteen years without benefit of parole, probation, or suspension of sentence on count one; imprisonment at hard labor for fifteen years with the first five years to be served without benefit of parole, probation, or suspension of sentence on count two; and imprisonment at hard labor for fifteen years on count three. Thereafter, pursuant to a habitual offender bill, defendant stipulated to second felony offender status, his sentence on count three was vacated and he was resentenced to imprisonment at hard labor for | afifteen years without benefit of probation or suspension of sentence.[1] Defendant was subsequently granted an out-of-time appeal. In this appeal, defendant seeks an error patent review of his convictions and sentences.[2]
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly appointed counsel requests permission to withdraw as counsel of record.
After receiving appellant counsel’s brief and motion to withdraw, this Court performed a full examination of the entire appellate court record to determine whether the appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam). Our independent review of the record in this case consisted of (1) a review of the bill of information to ensure that defendant was properly charged; (2) a review of all minute entries to ensure that defendant was present at all crucial stages of the proceedings and that the conviction and sentence are legal; and (3) a review of the guilty plea and sentencing transcript to determine if there was an arguable basis for appeal. In our review, we found no non-frivolous issues regarding defendant’s convictions and sentences.
|4In his application for post-conviction relief, defendant asserted that he was entitled to an out-of-time appeal alleging that (1) due to the ineffectiveness of his trial attorney he was denied his right to appeal; and (2) due to the ineffectiveness of his trial attorney he would not have pleaded guilty but would have gone to trial.
The trial court granted defendant relief by ordering the out-of-time appeal. As stated by appellate counsel, defendant’s second issue of ineffective assistance of counsel at trial is best addressed by the trial court as an application for post-conviction relief, where an evidentiary hearing may be conducted, if necessary, to determine the merits of the defendant’s allegations. State v. Reeves, 06-2419 (La.5/5/09), 11 So.3d 1031.
We find however, that defendant’s sentence on count one is illegally lenient. The trial judge failed to order defendant to *768 pay the mandatory fíne of not less than $1,000.00 nor more than $5,000.00 in connection with count one. See La. R.S. 14:95.1. Since defendant appears to be indigent, as evidenced by his representation by the Louisiana Appellate Project, and his sentence resulted from a guilty plea, we decline to correct the illegally lenient sentence. State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242.
The trial judge restricted parole on count two; however, La. R.S. 40:966(A) does not provide any restriction on parole. See State v. Allen, 03-192 (La.App. 4 Cir. 5/28/03), 849 So.2d 82, 85. In cases in which a sentencing error by the trial court does not involve the omission of a restrictive term specified by the legislature as part of the sentence but the imposition of limits beyond what the legislature has authorized in the sentencing statute, we will correct the sentence on our own authority under La. C.Cr.P. art. 882 to correct an illegal sentence “at any time.” State v. Sanders, 04-17 (La.5/14/04), 876 So.2d 42 (per curiam). Accordingly, we amend the sentence to delete the restriction on parole. We remand this matter to border the trial court to transmit the original of the corrected commitment to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ legal department. See State v. Richard, 12-310 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, 94, writ denied, 13-1220 (La.12/2/13), 126 So.3d 497.
DECREE
For the foregoing reasons, we affirm defendant’s convictions. We further affirm defendant’s sentence on count one of 15 years at hard labor without benefit of probation, parole or suspension of sentence, and his enhanced sentence on count 3 of 15 years at hard labor without benefit of probation, parole or suspension of sentence. We amend his 15-year sentence on count 2 to delete the restriction on parole eligibility and affirm the sentence as amended. We further remand this matter and order the trial court to transmit the original of the corrected commitment to the officer in charge of the institution to which defendant has been sentenced.
CONVICTIONS AFFIRMED; SENTENCES ON COUNT 1 AND COUNT 3 AFFIRMED; SENTENCE ON COUNT 2 AMENDED, AND AS AMENDED AFFIRMED; MOTION TO WITHDRAW GRANTED; CASE REMANDED.

. Defendant's sentences were ordered to run concurrently with each other and with the sentences in case numbers 06-194, 08-1395, 08-1396, 12-3306, and 12-3307.

. The Court routinely reviews the record for errors patent according to the mandates of La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether the defendant makes such a request.

.In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).