CHEHARDY, C.J.
On appeal, Harold J. Brown, defendant herein, challenges the constitutionality of the police search of his automobile. For the following reasons, we affirm defendant's convictions; amend defendant's sentence on count one, and, affirm as amended; affirm the remainder of defendant's sentences; and remand for correction of the Uniform Commitment Order.
Facts and Procedural History
Because defendant's convictions were the result of guilty pleas, the facts surrounding this matter were adduced from the testimony and evidence presented at pre-trial and guilty plea proceedings. With respect to district court case number 15-2369, if the matter had proceeded to trial, the State would have proven beyond a *457 reasonable doubt that, on March 24, 2015, defendant possessed heroin, marijuana, and cocaine in Jefferson Parish, with the intent to distribute those substances, in violation of La. R.S. 40:966(A) and 40:967(A), respectively. Further, the State would present evidence that defendant possessed a handgun after being previously convicted of eight counts of armed robbery, two counts of aggravated burglary, and one count of aggravated assault upon a peace officer. Lastly, the State would have proven beyond a reasonable doubt that defendant possessed a handgun while possessing marijuana in violation of La. R.S. 14:95(E). Moreover, with respect to district court case number 15-2370, the State would have proven that, on or about March 24, 2015, in Jefferson Parish, defendant violated La. R.S. 40:1023 by knowingly and intentionally possessing drug paraphernalia to wit: scales, syringes, and baggies.
On April 28, 2015, in district court case number 15-2369, the Jefferson Parish District Attorney filed a multi-count bill of information charging defendant, Harold J. Brown, with possession with intent to distribute heroin in violation of La. R.S. 40:966(A) ; possession with intent to distribute marijuana in violation of La. R.S. 40:966(A) ; possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) ; possession of a firearm by a convicted felon[1] in violation of La. R.S. 14:95.1 ; and illegal carrying of weapons in violation of La. R.S. 14:95(E). On that same date, in district court case number 15-2370, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of drug paraphernalia, in violation of La. R.S. 40:1023.
On December 10, 2015, the trial court heard defendant's motion to suppress evidence, which was denied on February 2, 2016. On March 29, 2016, this Court, in its writ denial, refused to disturb the ruling of the trial court and found that defendant had an adequate remedy on appeal. See State v. Brown , 16-131 (La. App. 5 Cir. 3/29/16) (unpublished writ disposition).
On April 6, 2016, defendant withdrew his former pleas of not guilty and entered pleas of guilty as charged on all counts of both bills of information, reserving his right to appeal adverse pre-trial rulings under State v. Crosby , 338 So.2d 584 (La. 1976). After the acceptance of his pleas in case number 15-2369, the trial court sentenced defendant as follows: for possession with intent to distribute heroin, to twenty years at hard labor with ten years to be served without the benefit of probation, parole, or suspension of sentence; for possession with intent to distribute marijuana, to twenty years at hard labor; for possession with intent to distribute cocaine, to twenty years at hard labor with two years to be served without the benefit of probation, parole, or suspension of sentence; for possession of a firearm by a convicted felon, to twenty years at hard labor with ten years to be served without the benefit of probation, parole, or suspension of sentence; and for illegal carrying of weapons, to ten years at hard labor with five years to be served without the benefit of probation, parole, or suspension of sentence. The sentences were ordered to run concurrently with each other and with any other sentence defendant was serving. In case number 15-2370, the trial court sentenced defendant to six months in parish prison with the sentence to run concurrently with the sentences in case number 15-2369 and *458 with any other sentence defendant was serving.
Additionally, on April 6, 2016, the State filed a habitual offender bill of information in district court case number 15-2369, alleging that defendant was a second felony offender pursuant to La. R.S. 15:529.1, seeking to enhance the penalty for defendant's conviction of possession of a firearm by a convicted felon. Defendant stipulated to the habitual offender bill. The trial court vacated defendant's sentence for possession of a firearm by a convicted felon and imposed an enhanced sentence of twenty years at hard labor without the benefit of probation or suspension of sentence and with the first ten years of the sentence to be served without the benefit of parole, probation, or suspension of sentence. Defendant's enhanced sentence was ordered to run concurrently with counts one through three and count five, the sentence in case number 15-2370, and any other sentence he was serving.
Thereafter, on April 13, 2017, defendant filed a Uniform Application for Post-Conviction Relief requesting an out-of-time appeal. On April 18, 2017, the trial court granted defendant an out-of-time appeal pursuant to State v. Counterman , 475 So.2d 336 (La. 1985) and dismissed his application for post-conviction relief without prejudice. On August 10, 2017, this Court consolidated appellate records 17-KA-420 and 17-KA-426 "for briefing and argument in this Court." This appeal follows.
Jurisdictional Note
This Court's appellate jurisdiction extends only to cases triable by a jury. La. Const. of 1974, Art. 5, § 10 ; La. C.Cr.P. art. 912.1 ; State v. Chess , 00-164 (La. App. 5 Cir. 6/27/00), 762 So.2d 1286, 1287. Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury. Chess , supra .
In this case, defendant was charged and pled guilty to misdemeanor possession of drug paraphernalia, in violation of La. R.S. 40:1023, in district court case number 15-2370. At the time of the offense, La. R.S. 40:1025 provided that the offender shall be subjected "to a fine not in excess of five hundred dollars, or imprisonment of not more than six months, or both." Thus, defendant's conviction for possession of drug paraphernalia is a misdemeanor conviction not triable by a jury. The proper procedure for seeking review of a misdemeanor conviction is an application for writ of review directed to this Court to exercise its supervisory jurisdiction. See La. C.Cr.P. art. 912.1(C)(1) ; State v. Trepagnier , 07-749 c/w 07-750 (La. App. 5 Cir. 3/11/08), 982 So.2d 185, 188, writ denied , 08-0784 (La. 10/24/08), 992 So.2d 1033.
According to this Court's En Banc policy regarding jurisdictional matters adopted on May 29, 2014, "if the majority of the panel determined that the matter was not appealable, the matter shall be dismissed, allowing the parties time to file a writ application." However, this Court noted that dismissal may not be warranted in "exceptional cases, especially when there are misdemeanor and felony convictions intertwined to the point that the interests of justice are better served by considering the matters together." See generally , State v. Jones , 12-640 c/w 12-641 (La. App. 5 Cir. 10/30/13), 128 So.3d 436 ; State v. Christophe , 12-82 (La. App. 5 Cir. 10/16/12), 102 So.3d 935, writ denied , 12-2432 (La. 4/19/13), 111 So.3d 1029 ; State v. Trepagnier , supra .
In this case, we find that the instant matters are "exceptional cases ... intertwined to the point that the interests of justice are better served by considering the matters together." Accordingly, we *459 will review all of defendant's convictions on appeal.
Law and Argument
On appeal, defendant assigns one counseled and one pro se assignment of error, which both contend that the trial court erred in failing to suppress the evidence that was illegally obtained. In his counseled assignment of error, defendant argues that the search of his vehicle was unconstitutional under the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution, and, thus, the evidence retrieved as a result of the search should be suppressed. Defendant contends that, at the time of his arrest, he did not give consent to search the vehicle's trunk or the backpack inside the trunk, nor was the search justified by one of the exceptions to the warrant requirement. Relying on Arizona v. Gant , 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), defendant avers that there were no exigent circumstances as the car was parked so the police could have requested a warrant or even a canine unit.
In his pro se assignment of error, defendant similarly argues that the evidence used to charge and convict him was illegally obtained as it falls under the "fruit of the poisonous tree doctrine." He argues that probable cause did not exist to search his vehicle so the search and seizure was improper, and, thus, the evidence is inadmissible. Defendant also asserts that his appellate counsel should not be allowed to withdraw as counsel of record, citing to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam ), and requests that this Court order his appellate attorney to specifically brief whether his conviction and sentence present any non-frivolous appealable issues.[2]
The State responds that the trial court properly denied defendant's motion to suppress as there was sufficient probable cause for officers to conduct an immediate search of the trunk of the vehicle and the backpack inside the trunk under the "automobile" exception, "plain smell" exception, or the "public safety" exception. The State argues that the testimony at the suppression hearing established that the officer had personal knowledge that an overwhelming odor of marijuana was emanating from the trunk, and that defendant, a convicted felon, had possession of a stolen firearm, $992.00 in currency, and multiple bags of individually-packaged marijuana on his person.
At the suppression hearing, Detective Ashton Gibbs was the sole witness to testify. Detective Gibbs testified that he had been with the Gretna Police Department for eleven years and had been a detective for nine of those years. He provided that, in March of 2015, he was employed with the Criminal Investigation Division of the Gretna Police Department. One evening, Detective Gibbs was working a security detail at Jay's Place, a night club located at 1201 Burmaster Street. Detective Gibbs and another officer were walking along the shoulder of Burmaster Street where several patrons' cars were parked. He testified that, when he worked security details, he routinely patrolled the parking area and looked into vehicles.
*460 As the officers passed by an Infiniti parallel parked on the shoulder of Burmaster Street, they detected "an overwhelming smell of marijuana" coming from the vehicle's trunk. Detective Gibbs stated that he sniffed the entire exterior of the vehicle, including the crevice of the vehicle's trunk to locate the smell. Detective Gibbs testified that the vehicle had dark tinted windows, which made him unsure whether it was occupied, so he shined his flashlight into the interior of the vehicle. When the interior of the vehicle was illuminated, Detective Gibbs observed a firearm on the driver's side floorboard. He and the other officers working the detail decided to maintain surveillance on the vehicle until the driver returned.
Detective Gibbs testified that, approximately fifty minutes later, he observed a man, later identified as Harold Brown, defendant-herein, walking towards the vehicle. Detective Gibbs watched as defendant approached the Infiniti, opened the driver's door with a key, entered the driver's side of the vehicle, then abruptly exited the vehicle, leaving the driver's door open. Detective Gibbs observed defendant walk across Burmaster Street to speak with two females, who were leaving the night club. Detective Gibbs and another officer approached the open driver's side door, found no other occupants inside the vehicle, but noticed that the firearm was missing from the floorboard.
Detective Gibbs stated that, within minutes, defendant came back to the vehicle, at which time Detective Gibbs detained defendant for investigation and conducted a pat down of defendant's outer clothing for safety. The officer assisting Detective Gibbs recovered the firearm from the back pocket of defendant's pants. When the officers conducted an "N.C.I.C." check of the firearm's serial number, they discovered that the firearm was reported stolen from the New Orleans Police Department. At that time, defendant was informed that he was under arrest for possession of a stolen firearm.
Detective Gibbs testified that he conducted a search incident to arrest of defendant's person and discovered multiple, small, individually-packaged, hand-tied, clear plastic bags of marijuana in defendant's right front pants pocket and $992.00 in currency. When Detective Gibbs ran a criminal records check on defendant, he learned that defendant was a convicted felon on probation for possession of heroin, cocaine, third offense possession of marijuana, and bail jumping.
Detective Gibbs testified that, based upon the smell coming from the trunk, he opened it. In the trunk, Detective Gibbs recovered a red drawstring backpack, which contained more small, individually-packaged, hand-tied clear plastic bags, as well as quantities of heroin and cocaine. Detective Gibbs also found a brown men's wallet, which contained defendant's Louisiana driver's license, "TWIC" card, Social Security card, Chase Bank debit card, and other identifying information. Further, the backpack also contained a box of clear, plastic sandwich bags, a digital scale, a razor blade, and some hypodermic needles. Detective Gibbs testified that he believed these items were related to the distribution of narcotics.
Detective Gibbs additionally testified that, inside of the vehicle, he discovered two cell phones and information linking the Infiniti to defendant. Detective Gibbs stated that, following the seizure of these items, he arrested defendant for possession with intent to distribute marijuana, heroin, and cocaine, possession of a stolen firearm, and being a convicted felon in possession of a firearm. Defendant did not make any statements to any of the officers involved in the investigation.
*461 Detective Gibbs stated that he did not seek either consent to search the vehicle or a search warrant. On cross-examination, Detective Gibbs provided that he has secured hundreds of narcotic search warrants in the past and that a warrant could be obtained in a matter of hours, had he chosen to apply for one.
At the conclusion of the hearing, the State argued that Detective Gibbs had probable cause to arrest defendant upon smelling the marijuana emanating from the vehicle and upon learning defendant had retrieved a stolen firearm from the vehicle. The State argued that the officers' search of the trunk was based on probable cause and exigent circumstances. Defendant countered that Detective Gibbs' testimony did not establish exigent circumstances as the vehicle was not running and was unattended for a period of time. Thus, defendant concluded that the Infiniti was improperly searched and any objects derived from the search were fruit of the poisonous tree. In its denial of defendant's motion to suppress, the trial court stated that the evidence was not suppressible as it was discovered after the detective alleged that the officers had smelled marijuana as they passed the vehicle.[3]
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. State v. Leonard , 06-361 (La. App. 5 Cir. 10/31/06), 945 So.2d 764, 764-65. Warrantless searches and seizures are per se unreasonable unless justified by one of the exceptions to the warrant requirement. Id.
When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving that the search and seizure was justified pursuant to one of the exceptions to the warrant requirement. La. C.Cr.P. art. 703(D) ; State v. Joseph , 02-717 (La. App. 5 Cir. 6/27/03), 850 So.2d 1049, 1052, writ denied , 04-2404 (La. 6/17/05), 904 So.2d 686. The trial court's decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. Id.
In Pennsylvania v. Labron , 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (per curiam ), the United States Supreme Court held that if a car is *462 readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits the police to search the vehicle. In Maryland v. Dyson , 527 U.S. 465, 466-67, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (per curiam ), the Supreme Court explained that the "automobile" exception has no separate exigency requirement. This Court has also recognized that the "automobile" exception does not have an independent exigency requirement, and if probable cause exists for the search of the vehicle that is sufficient. The exigency is supplied by the inherent mobility of the vehicle and the citizen's lesser expectation of privacy. State v. Mitchell , 10-334 (La. App. 5 Cir. 10/26/10), 52 So.3d 155, 160 (citing Joseph , 850 So.2d at 1054 ).
In addition, the Louisiana Supreme Court has recognized that there is no constitutional distinction between seizing and holding a car before presenting the probable cause issue to a magistrate and immediately searching the vehicle without a warrant. Mitchell , supra ; Joseph , supra . Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution.[4] State v. Tatum , 466 So.2d 29, 31 (La. 1985)
Probable cause means "a fair probability that contraband ... will be found." Illinois v. Gates , 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) ; Mitchell , supra . Whether probable cause exists must be judged by the probabilities and practical considerations of everyday life on which average people, and particularly average police officers, can be expected to act. State v. Jones , 09-688 (La. App. 5 Cir. 2/9/10), 33 So.3d 306, 317.
Additionally, courts, including this Court, have consistently held that the odor of marijuana provided the officers with sufficient probable cause to conduct warrantless searches of vehicles. State v. Turner , 12-855 (La. App. 5 Cir. 5/16/13), 118 So.3d 1186, 1193 ; State v. Allen , 10-1016 (La. 5/7/10), 55 So.3d 756 (per curiam ); Mitchell , supra .
The scope of the warrantless search of an automobile is not defined by the nature of the container in which the contraband is secreted, but rather, is defined by the object of the search and the place in which there is probable cause to believe it may be found. Tatum , 466 So.2d at 31 (citing U.S. v. Ross , 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) ). Once probable cause for the search of a vehicle exists, a police officer has the authority to search those places in the vehicle in which there is probable cause to believe the object searched for may be found. California v. Acevedo , 500 U.S. 565, 570, 111 S.Ct. 1982, 1986, 114 L.Ed.2d 619 (1991) (holding that the police do not need a warrant to search a closed container found within a lawfully stopped vehicle when the officers have probable cause for the search); State v. Holmes , 08-719 (La. App. 5 Cir. 3/10/09), 10 So.3d 274, 281, writ denied , 09-0816 (La. 1/8/10), 24 So.3d 857.
In Joseph , supra, at 1051-54, the defendant argued that the officers unlawfully searched the interior and trunk of the vehicle because no exigent circumstances existed to trigger the "automobile" exception since the defendant was already arrested and placed in the back of the police unit at the time the search was conducted.
*463 There, this Court held that once probable cause for the search of the vehicle exists, the officer has the authority to search those places in the vehicle where there is probable cause to believe the object searched for may be found. This Court reasoned that since the officer had probable cause to believe the defendant's vehicle contained drugs and drug paraphernalia following a canine sniff and the seizure of narcotics inside the defendant's jacket located in the vehicle, a warrantless search of the trunk of the vehicle and the bag contained therein for contraband was constitutionally sanctioned.
Here, we find that, once Detective Gibbs detected "the overwhelming smell of marijuana" coming from the trunk under the "plain smell"[5] exception and observed defendant approach and enter the vehicle, he had probable cause to conduct a warrantless search of the vehicle under the "automobile" exception. Detective Gibbs observed defendant open the door of the vehicle with a key upon his return, and thus, the vehicle was readily moveable, and Detective Gibbs also testified that this transpired in only a few minutes time. In addition to the odor of marijuana emanating from the trunk, Detective Gibbs had observed the firearm on the floorboard of the vehicle and subsequently noticed it was missing upon defendant's return and departure from the vehicle. Therefore, Detective Gibbs could infer that defendant possessed a firearm while marijuana was located inside defendant's vehicle. We find that this situation constituted exigent circumstances, and Detective Gibbs was not required to obtain a warrant to conduct a search of the vehicle under the "automobile" exception.
Furthermore, Detective Gibbs' testimony indicates that he had probable cause to believe that marijuana was located in the trunk since he had placed his nose along the trunk's crevice to confirm the source of the odor. During the search incident to defendant's arrest for possession of a stolen firearm, the officers discovered individually-packaged marijuana in defendant's right front pants pocket. Once Detective Gibbs opened the trunk and saw the backpack, he had the authority to search inside the backpack for marijuana, as he had probable cause to believe it was located somewhere inside the trunk.
Given the ready mobility of the vehicle and defendant's reduced expectation of privacy, we find that probable cause existed to search the entire vehicle for the marijuana, including the trunk and the backpack located inside the trunk. See Joseph , supra ; Jackson , supra . Upon discovery of the marijuana, Detective Gibbs found the heroin, cocaine, clear plastic sandwich bags, digital scale, a razor blade, and hypodermic needles. Therefore, we find that the evidence found in the trunk and backpack was properly seized.
In brief, appellate counsel relies on Gant , supra , as support for the argument that the search was unlawful. In Gant , supra , the United States Supreme Court upheld the search of a vehicle incident to a recent occupant's arrest if the arrestee is *464 within reaching distance to the vehicle at the time of search. Moreover, Gant , 556 U.S. at 343, 129 S.Ct. at 1719, allows for the search of the vehicle if there is reason to believe the vehicle contains evidence of the offense of the arrest. Thus, even under Gant, supra, the search that revealed the evidence would not be improper.
Therefore, we find that the trial court did not abuse its discretion in holding that Detective Gibbs was justified in searching defendant's vehicle pursuant to the automobile exception to the warrant requirement as he had probable cause to believe the trunk contained marijuana. For these reasons, we find that both assignments of error lack merit.
Errors patent
As is our routine practice, we have reviewed the record for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). We find that the following errors require correction.
Statutory Restrictions
According to the sentencing transcript, defendant received a sentence for his conviction of possession with intent to distribute heroin (count one) of twenty years at hard labor with ten years to be served without the benefit of probation, parole, or suspension of sentence. The minute entry/commitment and the UCO also reflect this sentence. However, La. R.S. 40:966(A) does not provide any restriction on parole. See State v. Gayden , 14-813 (La. App. 5 Cir. 2/11/15), 168 So.3d 766, 768 ; State v. Allen , 03-192 (La. App. 4 Cir. 5/28/03), 849 So.2d 82, 85.
In cases in which a sentencing error by the trial court does not involve the omission of a restrictive term specified by the legislature as part of the sentence but the imposition of limits beyond what the legislature has authorized in the sentencing statute, this Court has corrected the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence "at any time." State v. Sanders , 04-17 (La. 5/14/04), 876 So.2d 42 (per curiam ); Gayden , supra .
Accordingly, we amend the sentence on count one to delete the restriction on parole and remand this matter for the trial court to transmit the original of the corrected State of Louisiana Uniform Commitment Order (UCO) to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and to the Department of Corrections' legal department.
Inconsistent Uniform Commitment Order (UCO)
The record contains a single UCO for both the underlying guilty plea and the habitual offender proceeding. Our review of this UCO reveals several inconsistencies with the transcript. Where there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983).
First, the UCO fails to reflect that count four was enhanced, which should be corrected. Further, regarding court four, the Special Comments section of the UCO states that "10 years of the sentence to ber[sic ] served without benefit fo[sic ] parole, probtion[sic ] or suspension of sentence." The restrictions on parole eligibility imposed on habitual offender sentences under La. R.S. 15:529.1"are those called for in the reference statute." State v. Esteen , 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79, writ denied , 02-1540 (La. 12/13/02), 831 So.2d 983 (citing State v. Bruins , 407 So.2d 685, 687 (La. 1981) ).
At the time of the offense, La. R.S. 14:95.1(B) required an offender to be "imprisoned at hard labor for not less than ten nor more than twenty years without the *465 benefit of probation, parole, or suspension of sentence." Therefore, we find that La. R.S. 15:529.1(G) and La. R.S. 14:95.1(B) required that defendant's entire twenty-year enhanced sentence be imposed without benefit of parole, probation, or suspension of sentence. State v. Williams , 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075-76, writ denied , 13-0109 (La. 6/21/13), 118 So.3d 406. Thus, defendant received an illegally lenient sentence. However, the trial court's failure to state this requirement at sentencing need not be corrected on remand because under State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790, 799 and La. R.S. 15:301.1(A), the "without benefits" provision is self-activating. See State v. Williams , 16-417 (La. App. 5 Cir. 8/30/17), 227 So.3d 371, 396. However, the UCO should reflect the correct ineligibility for benefits for defendant's enhanced sentence.
Accordingly, we remand this matter for the correction of the UCO in these aspects and order the trial court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 ; State v. Roland , 06-244 (La. 9/15/06), 937 So.2d 846 (per curiam).
CONVICTIONS AFFIRMED; SENTENCE ON COUNT ONE AMENDED AND AFFIRMED AS AMENDED; REMAINING SENTENCES AFFIRMED; AND REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER

On March 29, 2016, the State amended the bill of information in district court case number 15-2369 to reflect defendant's prior felony convictions for the charge of felon in possession of a firearm.

We note that defendant's request that his counsel should not be allowed to withdraw is unfounded. First, appellate counsel has filed a brief assigning as error the exact issue that defendant challenges. Further, counsel has not filed a motion to withdraw and does not assert that defendant's cases contain no non-frivolous issues. This argument merits no consideration.

Here, defendant previously sought review of the denial of his motion to suppress with this Court, which was denied. State v. Brown , 16-131 (La. App. 5 Cir. 3/29/16) (unpublished writ disposition). Under the doctrine of "law of the case," an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. State v. Falcon , 13-849 (La. App. 5 Cir. 3/12/14), 138 So.3d 79, 87-88, writ denied , 14-0769 (La. 11/14/14), 152 So.3d 877 ; State v. Caulfield , 10-769 (La. App. 5 Cir. 5/24/11), 67 So.3d 600, 607, writ denied , 11-1395 (La. 3/30/12), 85 So.3d 107. The law of the case doctrine is discretionary and the denial of a supervisory writ application does not bar reconsideration of an issue on appeal, nor does it prevent the panel from reaching a different conclusion on the issue. Id. Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. Id. Upon review, we find that, as this Court did not have the benefit of the transcript of the suppression hearing to consider, we will address the merits of defendant's arguments. Compare State v. Louis , 05-141 (La. App. 5 Cir. 7/26/05), 910 So.2d 464, 467 ("Contrary to defendant's assertions, there is no new evidence to warrant reconsideration as the transcript from the motion to suppress hearing dated October 15, 2003 was attached to the state's writ application and considered by this Court prior to its decision").

In State v. Hernandez , 408 So.2d 911, 914 (La. 1981), cert. denied , 459 U.S. 840, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982), the Louisiana Supreme Court stated that it has not, for purposes of the "automobile" exception of the warrant requirement, distinguished between a vehicle stopped while in motion and then searched and a vehicle parked in a public place accessible to persons who might either move it or remove evidence from the vehicle.

The "plain smell" exception is an extension of the "plain view" exception. See, State v. Gray , 13-1326 (La. 6/28/13), 122 So.3d 531 (per curiam ) (based upon the "plain smell" doctrine, when officers approach the defendant in a public place, the officers were within their constitutional bounds to search a backpack and its contents after the officers detected the smell of marijuana emanating from the backpack); State v. Townsend , 16-630 (La. App. 5 Cir. 11/9/16) (unpublished writ disposition), writ denied , 16-2269 (La. 2/3/17), 215 So.3d 693 (under the "plain smell" exception, the officer, in a public place, had probable cause to arrest the defendant where he smelled a "heavy" odor of marijuana within one or two feet of the defendant's person).